IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:04-CR-92-BO
NO. 5:12-CV-301-BO

| | | |
|---|---|---|
| DERRICK MAURICE TAYLOR, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 29]. Petitioner, Mr. Taylor, asserts that he is not an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1) in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

The government moved to dismiss Mr. Taylor's § 2255 petition, arguing that his claim was barred by the one-year statute of limitations governing such motions. 28 U.S.C. § 2255(f). The government has recently withdrawn its motion, stating that it waives its reliance on the statute-of-limitations defense and asking that the Court not enforce the waiver language in Mr. Taylor's plea agreement [DE 36]. Furthermore, the government now concedes that Mr. Taylor "has a valid claim that, in light of *Simmons*, he was illegally sentenced to a term of imprisonment that exceeds the otherwise-applicable statutory maximum for his offense."

In light of the foregoing and the hearing held in this matter on August 29, 2012, the Court accepts the government's withdrawal and allows Mr. Taylor's § 2255 motion. Accordingly, Mr. Taylor's Motion to Vacate is GRANTED. The sentence entered in this matter on October 29,

2004, is hereby VACATED and Mr. Taylor's revised sentence shall stand as imposed this day in open court.

SO ORDERED, this __29__ day of August, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE